UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-14267-McCabe

JUSTIN PIKE,

    Plaintiff,

v.

CITY OF FORT PIERCE, et al.,

    Defendants.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order ("First TRO") and Plaintiff's Emergency Motion for Preliminary Injunction ("Second TRO").  (DE 12, DE 19).[1]  For the reasons set forth below, the Court **RECOMMENDS** that both TROs be **DENIED**.

**I.     BACKGROUND**

This is a pro se § 1983 civil rights case.  On September 2, 2025, Plaintiff filed the First TRO claiming that on the night of August 29, 2025, officers of the Fort Pierce Police Department came to his residence, claimed to have a warrant but did not produce it, threatened to deploy a tactical team, and then departed without arresting him.  (DE 12 ¶¶ 4-5).  The First TRO seeks an order (1) prohibiting Defendants from arresting Plaintiff absent a valid warrant, (2) requiring preservation of evidence, and (3) enjoining any retaliatory conduct.  (DE 12 ¶¶ 11-14).

On October 3, 2025, Plaintiff filed the Second TRO.  (DE 19).  The Second TRO describes a series of events stemming from an underlying eviction proceeding against Plaintiff, including the arrest of Plaintiff's landlord for battering him.  (DE 19 at 1-4, DE 19-1).  The Second TRO

---

[1] Plaintiff's Emergency Motion for Preliminary Injunction seeks a preliminary injunction and alternatively requests a TRO.  (DE 19 at 1).  The Court therefore considers both TROs together.

seeks an order (1) prohibiting any self-help eviction action by the landlord without a valid state court order, (2) prohibiting retaliation against Plaintiff including witness intimidation in the battery case against Plaintiff's landlord, (3) requiring preservation of evidence, (4) prohibiting the use and dissemination of unlawfully obtained data, (5) staying the overlapping state court eviction proceeding. (DE 19 at 1, 4). At the time Plaintiff filed the TROs, no Defendant had been served.

## II.  DISCUSSION

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders or "TROs." A court may grant a preliminary injunction if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that if issued the injunction would not be adverse to the public interest. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes all four requisites. *Id.*

A party seeking a TRO must establish all of the elements of a preliminary injunction, plus the additional requirements of Rule 65(b)(1), which provides as follows:

> (b) Temporary Restraining Order
>
> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an **affidavit or a verified complaint** clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney **certifies in writing any efforts made to give notice and the reasons why it should not be required**.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

The Court finds that Plaintiff has not satisfied Rule 65(b)(1) for two reasons: (A) Plaintiff has not made a clear showing of immediate and irreparable injury, as required by Rule 65(b)(1)(A), and (B) Plaintiff's certifications do not satisfy Rule 65(b)(1)(B). The Court will address each requirement in turn.

### A.     Immediate and Irreparable Injury

First, Rule 65(b)(1)(A) requires the moving party to set forth specific facts that clearly show a risk of immediate and irreparable injury, loss, or damage that will result before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). The Court finds that Plaintiff has not satisfied this standard for two reasons.

First, mere allegations of past exposure to unlawful conduct, without continuing adverse effects, do not establish a real and immediate threat of future injury for purposes of Rule 65. *See Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001); *Wusiya v. City of Miami Beach*, 614 F. App'x 389, 394 (11th Cir. 2015) ("Federal courts may not entertain a claim for injunctive relief by a citizen who does no more than assert that certain law enforcement practices are unconstitutional."). To obtain relief under Rule 65, a moving party must "demonstrate a real and immediate threat of future injury that is not hypothetical or conjectural." *Wusiya*, 614 F. App'x at 394.

Plaintiff fails to allege facts that meet that standard here. The First TRO describes a single encounter where officers came to Plaintiff's residence, asserted they had a warrant without providing him with a copy, and departed without arresting him. The Second TRO describes a series of events stemming from an underlying eviction proceeding against Plaintiff in state court. (DE 19 at 1-4, DE 19-1). In the Court's view, both TROs fail to describe a risk of imminent future harm and instead rely on mere speculation of future harm.

Second, both TROs request injunctive relief that amounts, by and large, to a court order to obey the law. As a general rule, courts do not issue preliminary injunctions or TROs that amount to a generalized order to obey the law. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction simply to obey the law); *Joseph v. Inspector Gen.*, No. 2:23-CV-334-JES-KCD, 2023 WL 4824465, at *4 (M.D. Fla. July 27, 2023) (noting that "a request for an order prohibiting any prison official from retaliating against Joseph would serve little purpose, as it would amount to nothing more than an instruction to obey the law, which is a duty already in place.") (cleaned up). For this reason as well, no TROs can be issued.

### B. Certification

Next, Rule 65(b)(1)(B) requires a party seeking a TRO to provide a written certification describing his or her efforts to give notice to the adverse party and explaining why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). As other courts have noted, "the requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process." *Woodard-CM, LLC v. Sunlord Leisure Products, Inc.*, No. 20-23104-CIV, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020). As such, courts routinely deny requests for TROs based on the failure to comply with the requirements of this rule. *See id.* (denying TRO and preliminary injunction without prejudice because Plaintiff's attorney failed to comply with subsection (b)(1)(B)); *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-CV-20601, 2020 WL 733037, at *3 (S.D. Fla. Feb. 13, 2020) (denying TRO because "an ex parte temporary restraining order is an extreme remedy to be used only with the utmost caution…[and] the Court is unwilling to grant such relief in light of these [notice] deficiencies") (cleaned up); *Kazal v. Price*, No. 8:17-cv-2945-T-23AAS, 2017 WL 6270086, at *4 (M.D. Fla. Dec. 8, 2017) (denying TRO in part because "[t]he plaintiffs' attorneys

fail[ed] to submit an affidavit certifying an effort to notify [the defendant] about the motion and fail[ed] to explain the necessity for an ex parte order") (cleaned up).

Here, Plaintiff attempted to satisfy Rule 65(b)(1)(B) in the First TRO by stating as follows:

> Because the events occurred late at night on August 29, and escalation was threatened, conferral before filing is impractical.

(DE 12 at 3). He attempted to satisfy Rule 65(b)(1)(B) in the Second TRO by stating as follows:

> On October 3, 2025, Plaintiff conferred or attempted to in good faith to confer with known opposing counsel regarding the relief sought. Given the imminent witness appearance and risk of eviction, an agreement could not be reached before filing.

(DE 19 at 4).

The Court finds both certifications inadequate. To satisfy Rule 65(b)(1)(B), Plaintiff must explain, in detail, the steps he took to provide notice of his TRO motions to the adverse parties, such as by sending a draft copy of the TRO motions by mail or e-mail to the adverse parties and/or their known opposing counsel, including the dates of Plaintiff's efforts. Plaintiff must also explain the reasons why notice should not be required. Again, he must provide specific and compelling details that would justify the entry of a court order without notice. Plaintiff's existing certifications do not satisfy this rigorous standard. As such, no TROs can be issued.

### III.  **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** that the requests for TROs (DE 12, DE 19) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the

parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

      **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of October 2025.

 

RYON M. MCCABE
U.S. MAGISTRATE JUDGE