UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14267-CIV-CANNON/McCabe

JUSTIN PIKE

      Plaintiff,
v.

CITY OF FORT PIERCE, *et al.*,

      Defendant.
_____/

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF No. 24]

**THIS CAUSE** comes before the Court upon Magistrate Judge Shaniek M. Maynard's Report and Recommendation ("the Report"), issued on October 7, 2025 [ECF No. 24]. The Report recommends denial of Plaintiff's Emergency Motion for Temporary Restraining Order [ECF No. 12] and Plaintiff's Emergency Motion for Preliminary Injunction [ECF No. 19]. Plaintiff filed timely Objections to the Report [ECF No. 26]. The Court has reviewed the Report [ECF No. 24], Plaintiff's Objections [ECF No. 26], and the full record.[1] For the reasons set forth below, the Report [ECF No. 24] is **ACCEPTED**, and the Motions [ECF Nos. 12, 19] are **DENIED**.

### RELEVANT BACKGROUND

This is a pro se § 1983 civil rights case. At issue in the Report are two separate Motions for injunctive relief filed by Plaintiff. First, on September 2, 2025, Plaintiff filed an Emergency Motion for a Temporary Restraining Order, alleging that the Fort Pierce Police Department came

---

[1] No defendants have appeared in this action, and Plaintiff has not provided formal proof of service on the docket.

to his residence and threatened to deploy a tactical team but then departed without arresting him [ECF No. 12]. In that Motion, Plaintiff asked for an order (1) prohibiting Defendants from arresting Plaintiff absent a valid warrant, (2) requiring preservation of evidence, and (3) enjoining any retaliatory conduct [ECF No. 19 pp. 11–14]. Second, on October 3, 2025, Plaintiff filed an Emergency Motion for a Preliminary Injunction, describing his apparently pending eviction proceedings and a physical altercation with his landlord [ECF No. 19]. That Preliminary Injunction sought an order (1) prohibiting any self-help eviction action by the landlord without a valid state court order, (2) prohibiting retaliation against Plaintiff including witness intimidation in the battery case against Plaintiff's landlord, (3) requiring preservation of evidence, (4) prohibiting the use and dissemination of unlawfully obtained data, and (5) staying the overlapping state court eviction proceeding [ECF No. 19 pp. 1, 4].

On October 7, 2025, Magistrate Judge Maynard issued the instant Report recommending denial of Plaintiff's Motions as deficient under Federal Rule of Civil Procedure 65(b)(1)(A)–(B) [ECF No. 24]. Plaintiff filed objections to the Report in which he generally rehashes the arguments raised in the Motions and attempts to counter the determinations reached in the Report.

**LEGAL STANDARDS**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report,

the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Report properly denies Plaintiff's Motions for Injunctive Relief [ECF No. 24].

First, as the Report notes, Plaintiff failed to satisfy the irreparable injury requirement in Fed. R. Civ. P. 65(b)(1)(A), which authorizes a temporary restraining order without notice on the adverse party only upon a showing of specific facts of immediate irreparable loss if notice is provided. Fed. R. Civ. P. 65(b)(1)(A). In the first Motion, Plaintiff described only a single encounter where officers came to Plaintiff's residence [ECF No. 12]. And in the second Motion, Plaintiff described an underlying state proceeding in which he was subpoenaed to testify and claimed that the Defendants' conduct would render him unable to do so [ECF No. 19 pp. 1–4]. But nowhere did Plaintiff explain how Defendants would prevent him from testifying or why that conduct, if true, amounts to imminent or irreparable injury warranting the extraordinary relief of a temporary restraining order. Additionally, both Motions requested injunctive relief amounting, in essence, to a request for a court order to obey the law. None of these concerns, as Magistrate Judge Maynard determined, satisfies the stringent requirements of irreparable harm under Rule 65(b)(1)(a) [ECF No. 24].

Second, as the Report determines, Plaintiff failed to comply with the notice requirement in Rule 65(b)(1)(B). *See* Fed. R. Civ. P. 65(b)(1)(B) ("[T]he movant's attorney [must] certify in writing any efforts made to give notice and the reasons why it should not be required."). Plaintiff did not explain in detail, in either motion, "the steps he took to provide notice of his TRO motions

to the adverse parties, such as by sending a draft copy of the TRO motions by mail or e-mail to the adverse parties and/or their known opposing counsel, including the dates of Plaintiff's efforts" [ECF No. 24 p. 5].  This is an accurate evaluation of Plaintiff's efforts to satisfy the notice requirement of Rule 65(b)(1)(B).

Plaintiff attempts to dispute these conclusions in his Objections [ECF No. 26], but none of his explanations provides a basis to disturb the conclusions in the well-reasoned Report.  As far as irreparable injury, Plaintiff argues that he has "already endured the loss of his home and grave interference with his constitutional rights," alleging that he no longer lives in his home and believes his First Amendment rights have been "chilled" by the conduct of the Defendants in this case [ECF No. 26 p. 4].  But Plaintiff has not offered anything other than conclusory assertions about how those alleged harms are ongoing or imminent.  As for notice, Plaintiff says that he "promptly serve[d] the TRO and Preliminary Injunction papers on Defendants by email, mail, and hand delivery," directly after filing them with the Court [ECF No. 26 p. 2].  Yet as the Report notes, Plaintiff's certifications reflect only bare and conclusory assertions insufficient to dispense with the important notice requirements underlying Rule 65 [ECF No. 24 (describing certification efforts in ECF Nos. 12 & 19)].  Plaintiff has not shown error in Judge Maynard's Report.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 24] is **ACCEPTED**.

2. Plaintiff's Motion for a Temporary Restraining order [ECF No. 12], and his Emergency Motion for a Preliminary Injunction [ECF No. 19], are both **DENIED**.

3. **The Clerk is directed to MAIL a copy of this Order to pro se Plaintiff at the address listed below and file a notice of compliance on the docket**.

4

CASE NO. 25-14267-CIV-CANNON/McCabe

**ORDERED** in Chambers at Fort Pierce, Florida, this 24th day of October 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:     Justin Pike
        4535 SW 54th Street Road
        Apt. #2208
        Ocala, Florida 34478
        PRO SE