**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 25-14267-CIV-CANNON/McCabe**

**JUSTIN PIKE,**

Plaintiff,

v.

**CITY OF FORT PIERCE, *et al.*,**

Defendants.

______________________________/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DISMISSING COMPLAINT; AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Magistrate Judge Ryon M. McCabe's Report and Recommendation ("Report") on Defendants' Motions to Dismiss [ECF No. 74 (Report); ECF No. 60 (Private Citizen Defendants' Motion); ECF No. 61 (Law Enforcement Defendants' Motion)]. The Report recommends dismissal of Plaintiff's Second Amended Complaint ("SAC") with prejudice [ECF No. 32]. Plaintiff, proceeding pro se, filed Objections to the Report [ECF No. 81].[1]

The Court has reviewed the Report [ECF No. 74], Plaintiff's Objections (deemed timely filed) [ECF No. 81] and Defendants' response thereto [ECF No. 83], Defendants' Motions and related briefing [ECF Nos. 60, 61, 64–68], and the full record. For the reasons set forth below, the Report [ECF No. 74] is **ACCEPTED**, and the Motions [ECF Nos. 60, 61] are **GRANTED**.

[1] Plaintiff filed his Objections a day late and thereafter filed a Motion to Accept Late-Filed Objections, citing an unforeseen traffic accident outside the courthouse which prevented their timely submission [ECF No. 82]. Plaintiff's Motion to Accept Late-Filed Objections is **GRANTED**, and the Court will consider them herein [ECF No. 82].

## BACKGROUND AND PROCEDURAL HISTORY

This is a pro se civil rights case. The Court hereby incorporates Magistrate Judge McCabe's exhaustive recount of Plaintiff's allegations in this case [ECF No. 74 pp. 1–10].[2] To give some abbreviated context, Plaintiff's claims all arise out of the following four groups of allegations:

- **A personal dispute with a private acquaintance (Caroline Whiddon)**: Plaintiff alleges that Whiddon struck Plaintiff multiple times without provocation at a veterinary appointment, and then that she repeatedly called the police to make false reports regarding Plaintiff—claiming that Plaintiff stole her iPad and had no right to reside in a home they presumably shared—despite a written settlement agreement the two had executed to resolve their ownership disputes over the residence and a vehicle (a 2009 BMW).

- **Two arrests on fabricated or unsupported charges**: On June 21, 2025, several Fort Pierce Police Department officers arrested Plaintiff for grand theft auto at a gas station while he was fueling the aforementioned BMW, despite his presentation of the settlement agreement establishing his ownership—charges the state attorney later dropped following review of that agreement. Plaintiff was again arrested on September 2, 2025, pursuant to a warrant he alleges was fabricated, and remained jailed for over three weeks before the State Attorney again declined to prosecute.

- **A pattern of alleged police harassment and property seizure**: Officers conducted an unannounced welfare check at Plaintiff's home, made threats of arrest, and ultimately entered Plaintiff's home without a warrant or eviction order while standing by as Whiddon and movers removed nearly all of Plaintiff's belongings. Police also refused to return Plaintiff's seized firearms even after the first criminal case was dismissed.

- **Alleged misconduct by a jailhouse inmate (Brigham Miller) acting in coordination with Whiddon**: While incarcerated, Miller repeatedly called Plaintiff demanding he surrender the BMW and other property, threatening to have him arrested or placed in violation of his bond—conduct Plaintiff alleges was part of a broader conspiracy with Whiddon and certain law enforcement officers to deprive him of his constitutional rights.

[ECF No. 74 pp. 1–10; *see generally* ECF No. 32].

[2] No party takes issue with Magistrate Judge McCabe's recitation of the facts.

There are three "buckets" of defendants in this case: (A) municipal entities (the City and the Sheriff); (B) individual municipal employees (Officers Lopez, McWilliams, and Lewis as well as Deputy Cruz); and (C) private actors (Whiddon and Miller) [ECF No. 32]. The operative SAC alleges various constitutional violations against several different combinations of those defendants: False Arrest and Unlawful Seizure against Officers Lopez, McWilliams, and Lewis (in their individual capacities) and the City (Count 1); Malicious Prosecution against Officers Lopez, McWilliams, and Lewis (in their individual capacities) and the City (Count 2); Deprivation of Property and Firearms without Due Process against Officers Lopez, McWilliams, and Lewis (in their individual capacities) and the City (Count 3); Unreasonable Search and Excessive Force against Officers Lopez, McWilliams, and Lewis (in their individual capacities) and the City (Count 4); First Amendment Retaliation against Whiddon, Miller, Officer Lopez (in his individual capacity), and the City (Count 5); Equal Protection and Denial of Justice against Officer Lopez and Deputy Cruz (in their individual capacities), the City, and the Sheriff (Count 6); Failure to Intervene against Officers McWilliams and Lewis (in their individual capacities), and the City (Count 7); Civil Conspiracy against Officers Lopez, McWilliams, Lewis, and Deputy Cruz (in their individual capacities), Whiddon and Miller, the City, and the Sheriff (Count 8); Municipal Liability under *Monell* against the City and the Sheriff (Count 9); and Retaliatory Arrest against the City and the Sheriff (Count 10) [ECF No. 32 pp. 25–43].

On March 31, 2026, after both the Law Enforcement Defendants and the Private Citizen Defendants filed Motions to Dismiss [ECF Nos. 60, 61], Magistrate Judge McCabe issued the instant Report, which recommends dismissal with prejudice of all of Plaintiff's claims [ECF No. 74]. At a high level, the Report concludes that Plaintiff has not plausibly alleged a *Monell* claim against the City or the Sheriff (Counts 1–10); that the law enforcement officers (Lopez, McWilliams, Lewis, and Cruz) possess qualified immunity as to all of Plaintiff's alleged

constitutional violations because they had arguable probable cause to arrest Plaintiff for stealing Whiddon's BMW (Counts 1–8); and that the Private Citizen defendants are not state actors subject to section 1983 liability (Counts 5 and 8) [*see generally* ECF No. 74].

Plaintiff filed Objections to the Report [ECF No. 81], making three principal objections. Specifically, Plaintiff argues that the Report errs by: (1) concluding that the law enforcement officers are entitled to qualified immunity; (2) concluding that Whiddon and Miller are not state actors subject to constitutional standards; and (3) misinterpreting and misanalysing several of Plaintiff's constitutional claims [ECF No. 81]. The Report is ripe for adjudication.

**LEGAL STANDARDS ON REFERRAL**

To challenge the recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Upon *de novo* review of the Report and the full record, the Court agrees with the well-reasoned Report and rejects Plaintiff's numerous objections, addressed in turn below in the order in which they are presented.[3]

---

[3] Initially, the Court rejects Plaintiff's attempt to voluntarily dismiss several of his claims *without prejudice* (an embedded request within his Objections) [ECF No. 81 pp. 2–3]. First, Federal Rule of Civil Procedure 41, which supplies the standards for voluntary dismissal, requires plaintiffs to file a "notice of dismissal" to voluntarily dismiss claims before an Answer or Summary Judgment motion is filed. Fed. R. Civ. P. 41(a)(1)(A)(i). Here, Plaintiff has not filed a notice of dismissal, nor has he even cited Rule 41 in his embedded request [ECF No. 81 pp. 2–3]. Second, Plaintiff may use Rule 41 only to dismiss "a defendant in its entirety (i.e., they dismiss all of the claims brought against that defendant)." *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023). But Plaintiff purports to voluntarily dismiss Count 4, which is asserted against Officers Lopez, McWilliams,

**A. The Report properly concludes that, based on the allegations in the SAC, the officers had arguable probable cause to arrest Plaintiff on June 21, 2025.**

Plaintiff's main objection to the Report is that it improperly finds "that Defendants had arguable probable cause to arrest Plaintiff" on June 21, 2025, a conclusion that, according to Plaintiff, "infects the Report's treatment of the entire pleading" [ECF No. 81 pp. 1–2]. As noted above, the Report determines that the law enforcement officers had arguable probable cause to arrest Plaintiff on June 21, 2025, the consequence of which is that virtually all of Plaintiff's constitutional claims warrant dismissal [ECF No. 74 pp. 16–17 (explaining why arguable probable cause defeats Plaintiff's false arrest claim against the officers (Count 1)); pp. 18–20 (same for malicious prosecution (Count 2)); pp. 20–21 (same for the initial seizure of property (Count 3)); pp. 23–24 (same for an unreasonable search) (Count 4)); p. 27 (same for retaliatory arrest (Count 5)); p. 30 (same for failure to intervene (Count 7)); pp. 30–31 (same for civil conspiracy (Count 8))].[4]

Plaintiff argues that, because the SAC alleges that, when he was arrested on June 21, 2025, (1) he presented documentary proof of lawful ownership of the BMW; (2) the BMW had never

---

and Lewis, while keeping other claims against those same defendants—which would be an impermissible use of Rule 41, even if Plaintiff had properly invoked it [ECF No. 81 pp. 2–3].

[4] Plaintiff spends some time arguing that the Report "improperly treats probable cause as a universal answer to every claim in the SAC," citing malicious prosecution and retaliatory arrest claims as those on which he thinks arguable probable cause is not dispositive in this case [ECF No. 81 pp. 11–12]. Plaintiff is incorrect. The presence of arguable probable cause defeats a claim of malicious prosecution, so long as the probable cause is not negated by falsified warrants or omissions, which, as Judge McCabe explained, is not the case here. *See Black v. Wigington*, 811 F.3d 1259, 1266 (11th Cir. 2016); *see also infra* pp. 7–8 (addressing Magistrate Judge McCabe's fulsome disposition of Plaintiff's malicious prosecution claim). And, as the Report correctly concludes, "[t]he existence of arguable probable cause defeats the causation element of Plaintiff's First Amendment retaliation claim," at least where the claim is based on an arrest (which it is here) [ECF No. 74 pp. 26–27 (noting that arguable probable cause entitles the arresting officer to qualified immunity on a claim for First Amendment retaliatory arrest (citing *Prospero v. Sullivan*, 153 F.4th 1171, 1183–84 (11th Cir. 2025)))].

been reported stolen; and (3) the officers "initially recognized the matter as civil before reversing course and effectuating an arrest," the existence of arguable probable cause cannot be resolved at the Motion to Dismiss stage [ECF No. 81 p. 6]. This objection fails. As Magistrate Judge McCabe thoroughly explains, the SAC alleges that police officers arrived at the scene on June 21, 2025, radioing in a "stolen vehicle" stop, and calling for backup [ECF No. 32 ¶¶ 41–47]. At that point, "the arresting officers faced two sets of conflicting evidence. On the one hand, the vehicle had been reported stolen; on the other hand, Plaintiff gave the officers a settlement agreement that purportedly gave him the right to ownership" [ECF No. 74 p. 18]. As the Report correctly explains, law enforcement officers do not violate the Fourth Amendment merely because they weigh the conflicting evidence in favor of an arrest. *See Washington v. Howard*, 25 F.4th 891, 902 (11th Cir. 2022) (noting that an officer is "not required to believe [exculpatory evidence] or to weigh the evidence in such a way as to conclude that probable cause did not exist"). And while Plaintiff argues in his objections that the BMW was never actually reported stolen, the Court finds no such allegation in the SAC; instead, the SAC clearly states that Officer Lopez "radioed in a 'stolen vehicle' stop" [ECF No. 32 ¶ 42]. The Court need not draw the unreasonable inference from the SAC that officers conducted a "stolen vehicle" stop without any report a "stolen vehicle." *See Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (holding the Court need only draw *reasonable* inferences in the plaintiff's favor); *cf. Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that even minor offenses, such as a misdemeanors or traffic violations, may be the bases for full custodial arrests).[5]

---

[5] The Court is likewise unpersuaded by Plaintiff's claims that the report "draws impermissible inferences against Plaintiff," "improperly resolves factual disputes," and "[i]mproperly imports a summary judgment standard" [ECF No. 81 pp. 8–11, 18]. The allegations supporting the "stolen vehicle" stop and the corresponding evidence in front of the arriving officers at the scene are drawn straight from the SAC, with neither embellishment nor minimization [ECF No. 32 ¶¶ 41–47].

Plaintiff's first objection fails.

**B. The Report correctly concludes that Plaintiff has not plausibly alleged that Defendants Whiddon and Miller are state actors**.

Plaintiff's second objection is to the Report's conclusion that Defendants Whiddon and Miller are private actors not subject to suit under 42 U.S. C. § 1983. Specifically, Plaintiff argues that the "Report treats the private defendants as mere complainants and fails to credit Plaintiff's allegations of coordinated and influential participation" in conjunction with law enforcement [ECF No. 81 pp. 15–17]. As best the Court can tell, Plaintiff rests his state action arguments on the Eleventh Circuit's "joint action" test, arguing that the state became so intertwined with Whiddon and Miller that they together became joint participants in the alleged unconstitutional conduct. *See Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347–48 (11th Cir. 2001) ("[T]he relevant inquiry under the nexus/joint action test is whether the State has so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise." (alteration adopted) (quotation omitted)). This objection also lacks merit. As to Whiddon, Plaintiff's state action allegations (as narrowed to the June 21, 2025, arrest by Plaintiff's objections) are that she (1) was physically present during the arrest, (2) provided information for the arrest, and (3) was "conferring with [officers] *as they decided Plaintiff's fate*" [ECF No. 32 ¶¶ 53–55 (emphasis added)]. But presence and police reports by themselves are insufficient to turn a private actor into a state actor, *see Brivik v. Murray*, No. 11-CV-2101-T-33, 2012 WL 4761367, at *4 (M.D. Fla. Oct. 5, 2012), *aff'd*, 545 F. App'x 804 (11th Cir. 2013) (collecting cases), and Plaintiff even admits that the *officers*—not Whiddon—were "deciding Plaintiff's fate" [ECF No. 32 ¶¶ 53–55]. As to Miller, Plaintiff's state action argument hangs on the fact that he used a prison phone to call Plaintiff and threaten him [ECF No. 81 p. 17]. But Plaintiff cites no caselaw to support the notion that the use of a telephone in a state facility turns a private actor into a state actor, nor will this Court be the first to so hold. *See Harvey v. Harvey*, 949 F.2d 1127, 1131

(11th Cir. 1992) (noting that private parties can only be viewed as state actors "in rare circumstances"). Even taking all of Plaintiff's allegations as true, and drawing all reasonable inferences in his favor, Plaintiff has not plausibly alleged that Whiddon and Miller are state actors.

Plaintiff's second objection fails.

**C. The Report accurately addresses Plaintiff's claims as pled by Plaintiff**.

Last, Plaintiff faults the Report for failing to properly account for Plaintiff's allegations of post-arrest conduct, such as his faulty warrant allegations and the continuation of criminal proceedings against him, instead relying "on the same probable-cause assumptions applied to the [June 21, 2025] arrest itself" [ECF No. 81 pp. 18–19]. But the Report did address those allegations, when necessary. For example, while Plaintiff says the Report neglected Plaintiff's allegations of post-arrest conduct (such as the falsifying of arrest reports) as to his malicious prosecution claim, Magistrate Judge McCabe indisputably addressed "the arresting officers' reports and affidavits," concluding that even if Plaintiff was correct that the officers had knowingly omitted or suppressed exculpatory evidence from those reports—namely, Plaintiff's settlement agreement for the BMW with Whiddon—arguable probable cause remained for his arrest [ECF No. 74 pp. 18–20].

To the extent Plaintiff faults Magistrate Judge McCabe for failing to address certain allegations as they relate to certain claims, that is Plaintiff's fault—not Judge McCabe's. On October 28, 2025, while dismissing Plaintiff's first Complaint as a "shotgun pleading," the Court warned Plaintiff that the SAC should "clearly explain what each particular defendant did in reference to each claim, provide supporting facts to show why that person is being sued, and identify clearly the legal basis underlying each count asserted" [ECF No. 30 p. 3]. Despite that warning, each Count in the SAC incorporates all 140 paragraphs of factual allegations into all ten causes of action [*see generally* ECF No. 32]; *see Warren v. Devanguardia*, No. 25-CV-1573, 2025 WL 2770882, at *3 (M.D. Fla. Sept. 26, 2025) (noting Plaintiffs should "incorporate into

each count only those factual allegations necessary to support the count"); *Knight v. TransUnion, LLC*, No. 25-CV-691, 2025 WL 2770865, at *3 (M.D. Fla. Sept. 26, 2025) (same). Faced with broad swaths of allegations seemingly unconnected to any particular count, Magistrate Judge McCabe was tasked to "cull through the allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claim." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011). To do so, he correctly relied upon the explicit factual content pled within each Count to focus Plaintiff's claims. So, for example, when Plaintiff limited Count 1 (False Arrest) to his June 21, 2025, arrest [ECF No. 32 ¶¶ 167–176], Magistrate Judge McCabe correctly did the same [ECF No. 74 pp. 16–18]. But in Count 5 (First Amendment Retaliation), when Plaintiff explicitly referenced an arrest "after he had filed written complaints against Defendant Whiddon and Lopez" [ECF No. 32 ¶ 208], Magistrate Judge McCabe responded accordingly, this time making sure to address "the arrest on September 2, 2025" [ECF No. 74 p. 27].

In light of the foregoing, Plaintiff's third objection fails.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 74] is **ACCEPTED**.
2. Defendants' Motions to Dismiss [ECF Nos. 60, 61] are **GRANTED**.
3. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.[6]
4. Plaintiff's Motion to Accept Late-Filed Objections [ECF No. 82] is **GRANTED**.

---

[6] As Judge McCabe correctly explains, "Plaintiff should be given no further opportunities to amend his pleadings as he has had multiple opportunities to do so in the past" [ECF No. 74 p. 34; *see* ECF No. 1 (Complaint); ECF No. 11 (Amended Complaint); ECF No. 32 (Second Amended Complaint)]. Additionally, on this record, the Court finds amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Plaintiff's claims are thus dismissed with prejudice.

5. Plaintiff's Motion to Correct the Docket/Record [ECF No. 77] is **DENIED**.[7]

6. The Clerk is directed to **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of August 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

[7] After the Report was issued, Plaintiff moved to "correct the docket," explaining that he intended to attach several exhibits accompanying the Temporary Restraining Order to his SAC, such that the Court could consider them in ruling on the Motion to Dismiss [ECF No. 77]. Aside from the fact that a Court's review at the Motion to Dismiss stage is generally "limited to the four corners of the complaint," *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002), Plaintiff did not cite to any of these exhibits in his objections to the Report or explain why they might be considered at this stage. Accordingly, Plaintiff's Motion to Correct the Docket/Record [ECF No. 77] is **DENIED**.